**DERRICK & MOSELY et al. v. SOUTHWESTERN PORTLAND CEMENT CO.**
(No. 2304.)

Court of Civil Appeals of Texas. El Paso.
June 13, 1929.

M. M. Winningham and Knollenberg & Cameron, all of El Paso, for plaintiffs in error.

R. F. Burges, of El Paso, for defendant in error.

PELPHREY, C. J. Plaintiffs in error, J. A. Derrick and H. D. Mosely, brought this suit against defendant in error for damages for injury caused to crops and building on certain lands leased by them and lands owned by C. C. Beardsley. The injury is alleged to have been caused by an overflow of the waters of the Rio Grande river in the year

1925, over and across the lands of plaintiffs in error and Beardsley.

They seek to recover from defendant in error on the allegation that it, some time prior to 1912, filled in and caused to be filled in, on the easterly portion of the flood channel opposite its plant, a large quantity of rock, dirt, and other substances of a permanent nature, thereby forming a new bank, and creating an actual obstruction in the river, narrowing the channel and bed of the river at said point so as to greatly reduce the carrying capacity of said river, which during the freshet and flood of 1925 retarded the flow of the water and caused the overflow of the lands aforesaid.

Defendant in error filed general and special demurrers, a general denial, and specially pleaded the two-year statute of limitations, and that prior to the building of its plant the El Paso Southwestern Railway Company had built a wing dam on the western bank of said river opposite defendant in error's land, thereby causing part of its land to be washed away, and that in placing the rock and other substances in the river as complained of in plaintiffs in error's petition it was building back that part of its land which had previously been washed away; that the carrying capacity of the channel at the point opposite its plant was much greater than it was at other points between there and plaintiffs in error's land; and that the overflow of their land was caused by natural causes for which it was not liable.

The court submitted the following issues material to a consideration of the question presented in this appeal.

"Question No. One: Do you find from a preponderance of the evidence that the defendant, Southwestern Portland Cement Company, on or about the date charged in plaintiff's petition, placed rock and other substances in the then bed or flood channel of the Rio Grande at or about the point charged in plaintiff's petition and that such rock or other substances constituted an obstruction in the bed or flood channel of the river?

"Question No. Two: Do you find from a preponderance of the evidence that such obstruction, if said defendant Cement Company did so obstruct said river, acting either alone or in connection with the wing dam, proximately caused the waters of said river during the freshet of September, 1925, to flood the land held under lease by the plaintiffs, Derrick & Mosely?

"Question No. Three: Do you find from a preponderance of the evidence that such obstruction, if said defendant cement company did so obstruct said river, acting either alone or in connection with the wing dam, proximately caused the water in said river during the freshet of September, 1925, to flood the land owned, and also the land held under lease by plaintiff's assignor, Beardsley?

"Question No. Four: Do you find from the evidence that the flooding of the land described in plaintiff's petition, was due to the obstruction in the flow of the river caused by the presence of the island which was adjacent to the wing dam, independent of any act or thing done by defendant?

"Question No. Five: Do you find from the evidence that the backing up of the water over plaintiff's land was caused by the condition of the river at or near Courchesne Bend?

"Defendant's Special Issue A: Do you find from the evidence that the defendant, Southwestern Portland Cement Company, in making the fill on the east bank of the river, merely filled in upon the ground and premises of the Cement Company as they existed prior to the construction of the wing dam, and that no part of said fill extended into the Channel of the Rio Grande as the same existed before the construction of the wing dam?"

The jury returned the following answers to the issues:

"Question No. One, Yes.
"Question No. Two, No.
"Question No. Three, No.
"Question No. Four, No.
"Question No. Five, Yes.
"Defendant's Special Issue A, No."

Upon the above findings judgment was rendered that plaintiffs in error take nothing, and they have appealed.

### Opinion.

The sole question presented in the appeal is the question of the court's refusal to give to the jury the following instruction: "Requested Instruction No. 1: You are instructed that a riparian owner is a person who owns land down to the banks of the river, and his ownership varies from the gradual actions of the river."

The proposition presented reads: "It is the duty of the trial court in submitting the case on special issues to submit such questions and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict upon such issues."

That portion of article 2189, Revised Statutes, which plaintiffs in error cite to support this proposition reads: "In submitting special issues the court shall submit such explanations and definitions of legal terms as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues."

In the case at bar the term "Riparian Owner" is nowhere used in the charge; therefore, there was no necessity for a definition of it. The court in submitting questions Nos. 1, 2, and 3 placed no limitation upon where the obstruction was placed, whether in that part of the channel which had formerly been the land of defendant in error or beyond that point. Therefore, the jury did not have be-

fore it any question of the rights of a riparian landowner; consequently the charge called for no explanation of those rights. The jury found that the backing up of the water over the land of plaintiffs in error was caused by the condition of the river at or near the Courchesne bend; such condition being in no way chargeable to defendant in error.

There is no proposition contesting the sufficiency of that evidence, and, that fact having been found by the jury, the question of whether defendant in error exceeded his rights as riparian landowner would become immaterial. Under the findings of the jury, and they are not contested, the proper judgment was apparently rendered, and it is therefore affirmed.